**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CECILIA DIANE ROBERTS,
Plaintiff-Appellant,

v.

NATIONAL HEALTH CORPORATION,
Defendant-Appellee,

No. 97-1613

and

NATIONAL HEALTH CORPORATION
BENEFIT PLAN; NATIONAL
HEALTHCARE CORPORATION,
Defendants.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CA-96-1913-8-20)

Submitted: November 18, 1997

Decided: January 14, 1998

Before WILKINS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Edward Hoskins, FOSTER & FOSTER, L.L.P., Greenville,
South Carolina, for Appellant. William H. Foster, NELSON, MUL-

LINS, RILEY & SCARBOROUGH, L.L.P., Greenville, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cecilia D. Roberts appeals the district court's grant of the Defendant's summary judgment motion. While judgment was granted on a number of issues, Roberts appeals only one. Specifically, she claims that her employer did not satisfy the notice requirements of the Consolidated Omnibus Reconciliation Act of 1985 (COBRA) extension provisions of the Employee Retirement Income Security Act of 1974 (ERISA) upon its assertion that it deposited a notice in the mail to the proper address in a timely fashion, when she contends that she received no notice and the employer is unable to produce a copy of the actual notice sent.

Roberts worked as a nurse's aid for the National Health Corporation; as an NHC employee, Roberts was a participant in the National Health Corporation Benefit Plan (collectively NHC). Her last day of work was October 23, 1993. Shortly thereafter, she was hospitalized from October 29, 1993, to November 11, 1993. She filed this action asserting claims for benefits and discrimination under ERISA and breach of fiduciary duty under COBRA.**1**

The district court determined that NHC made a good faith attempt to comply with a reasonable interpretation of the provisions of COBRA by virtue of the fact that NHC produced business records which reflected that a form COBRA letter was mailed to Roberts at

_____

**1** Roberts thereafter voluntarily dismissed her benefits claim, and the case progressed solely on her COBRA claim.

2

the correct address, and that such letter was sent as part of NHC's customary mailing practices of an automated system. The district court held that NHC proved not only an established procedure, but also provided evidence that the procedure was followed in Roberts' case. The district court held that while NHC was unable to produce a copy of the actual letter mailed to Roberts,**2** it did produce a COBRA report that is stamped with the date the COBRA letter was mailed to Roberts. Citing Myers v. King's Daughters Clinic, 912 F. Supp. 233, 236 (W.D. Tex.), aff'd, 96 F.3d 1445 (5th Cir. 1996), the district judge opined that Roberts's only means of rebuttal, that is, her contention that she did not receive the letter, is insufficient to overcome the fact that NHC met its burden of proving that it complied with COBRA's notice provisions. Finally, the district court held that NHC's established notification procedure, combined with a copy of the COBRA report stamped with the day the letter was mailed, fulfilled any record-keeping requirements imposed on an employer pursuant to 29 U.S.C. §§ 1027, 1059 (1994).

The district court's grant of summary judgment is reviewed de novo. Bailey v. Blue Cross & Blue Shield of Virginia, 67 F.3d 53, 56 (4th Cir. 1995). While Roberts acknowledges on appeal that NHC's attestation as to its timely mailing of the COBRA notice settles that issue in NHC's favor, she contends that the issue remains as to whether the notice was adequate, and because NHC cannot produce a copy of the actual letter sent to her, it cannot prove the adequacy of the notice under 29 U.S.C.A. §§ 1161, 1166 (West Supp. 1997), a burden Roberts claims is on NHC.

While Roberts is correct that the district court failed to specifically address in its opinion Roberts' claim of adequacy of the notice, or to analyze NHC's form letter for its adequacy under§ 1166, we find that the adequacy of the notice is implicit in the district court's holding that NHC met its burden of proving that it complied with COBRA's notice provisions.

_____

**2** Apparently, NHC usually maintains copies of the COBRA letters, but admitted to misplacing the letters for the time period in which Roberts' notice was sent.

3

Section 1166(a)(4) requires the notice to disclose "such beneficiary's rights under this subsection." The information should adequately inform the employee about "the coverage[the employee] [is] entitled to receive and the money that [the employee] owe[s] in order to maintain [ ] coverage." Lincoln Gen. Hosp. v. Blue Cross/Blue Shield of Nebraska, 963 F.2d 1136, 1140 (8th Cir. 1992). The notice must be sufficient such that the discharged employee could make an informed and intelligent decision whether to elect continuation coverage. See id. at 1140; Meadows v. Cagle's, Inc., 954 F.2d 686, 692 (11th Cir. 1992).

Agreeing, as Roberts specifically does on appeal, that NHC did timely send her a COBRA notice, based upon its evidence that it followed its usual and customary business procedure of mailing its form COBRA letter to her at her proper address, it follows that that same form letter should be used to determine whether NHC's notice was substantively adequate in terms of the requirements of ERISA. In fact, the only evidence in the record from which the adequacy of the notice sent to Roberts may be determined is NHC's form COBRA letter. We find that the form letter complies with the mandates of § 1166(a)(4). The letter notifies the employee of the date of termination of coverage, as well as the reason for such termination. It sets forth the applicable law as to the requirement of the employer to continue to provide health benefit coverage to the employee, the cost (via an attachment) of the coverage, and the length of time health benefit coverage will continue. It further sets forth all requirements of the employee to elect and keep such coverage, as well as the parameters of the coverage. Moreover, Roberts does not dispute NHC's contention that the form COBRA notices sent by NHC to its employees via computer generation are in compliance with § 1166.

Roberts has offered no facts to support her claim that the NHC notice sent to her was not adequate. Rather, her claim is based solely on her unsupported speculation, which is insufficient to overcome summary judgment. See Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir. 1986).

Accordingly, we affirm the district court's decision granting summary judgment in favor of NHC on the issue of the adequacy of the COBRA notice sent to Roberts. We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED