Lisa L. KRISHER, Plaintiff,

v.

XEROX CORPORATION, Xerox Medical Care and Long Term Disability Plan Ltd.—The Travelers Company, Hartford Life and Accident Insurance Company and Health International, Defendants.

No. 3:98–CV–0120–AH.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 19, 1999.

John H. Carney, Law Office of John H. Carney, Dallas, TX, for Lisa L. Krisher.

1. Also before the court is Defendant–Hartford's response and supplemental appendix, filed on April 22, 1999.

2. Also before the court are Plaintiff's response, filed on March 1, 1999, and Defendants' reply, filed on March 9, 1999.

John C. Dacus, Hartline Dacus Dreyer & Kern, Dallas, TX, Richard J. Pautler, Thompson Coburn, St. Louis, MO, for Xerox Corp.

Richard J. Pautler, Thompson Coburn, St. Louis, MO, for Xerox Medical Care & Long Term Disability Plan Ltd.—The Travelers Co.

Eugene Stratton Horres, Jr, Lee Lemon Cameron, Jr., Wilson Elser Moskowitz Edelman & Dicker, Dallas, TX, John C. Dacus, Hartline Dacus Dreyer & Kern, Dallas, TX, Richard J Pautler, Thompson Coburn, St. Louis, MO, for Xerox Medical Care & Long Term Disability Plan.

Paul Eugene Ridley, Wolin Ridley & Miller, Dallas, TX, for Travelers Ins. Co.

Marvin C Moos, Nathan M Rymer, Smith Rymer Moore & Moos, Houston, TX, for Health Intern.

### ORDER

SANDERSON, United States Magistrate Judge.

Pursuant to the written consents of the parties, and the District Court's May 27, 1998 transfer order, came on to be considered Plaintiff's Motion for Leave to File First Amended Motion for New Trial, filed on April 16, 1999[1], and Defendant–Xerox Corporation and Xerox Medical Care and Long Term Disability Income Plan ("Xerox") and Defendant–Health International, Inc. ("Health International")'s Motion for Summary Judgment, filed on January 25, 1999[2], and the court finds and orders as follows:

*Statement of the Case:* This lawsuit stems from Health International's decision[3] to deny Plaintiff long-term disability

3. Health International served as the Medical Case Manager (or "claims fiduciary") for Xerox's employee welfare benefits plan, or the Long–Term Disability Income Plan ("LTD Plan"). *See* Administrative Record, Xerox Appendix ("XA") 15. For reference purposes, the administrative record is attached to Defendants' motion, *supra* n. 7. All documents contained within the record are marked with

benefits under Xerox's employee welfare benefit plan, the Long–Term Disability Income Plan ("LTD Plan").[4] *See* § 3 of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff's long-term disability benefits were denied because she was adjudicated not "totally disabled" under the terms of the LTD Plan.[5]

*Plaintiff's Motion for New Trial:* In her motion, Plaintiff challenges this court's order of March 25, 1999 granting summary judgment in favor of Hartford Life and Accident Insurance Company ("Hartford") on the basis that the "functions performed by Hartford were of a non-fiduciary, non-discretionary nature." Plaintiff contends that new and relevant evidence exists, *see* Exhibit One (attached to Plaintiff's motion), which creates a fact issue as to Hartford's (alleged) discretionary authority over the administration of claims.

 When a party seeking reconsideration submits evidence not originally presented with the motion for summary judgment, the court may, in its discretion, consider or refuse to consider the submission. *Ford Motor Credit Company v. Bright*, 34 F.3d 322, 324 (5th Cir.1994); *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (*en banc*).

In the present case, Plaintiff alleges that "Hartford's efforts in obtaining the LTD records" solidly evidences Hartford's discretionary authority over the administration of claims. Without more, however, this is a conclusory allegation. Accordingly, this court will not reopen this case (*i.e.*, as it pertains to Hartford) to consider Plaintiff's "new" evidence. *Lavespere*, 910 F.2d at 174.

*Defendants' Motion for Summary Judgment:* Defendants have moved for summary judgment on the following six grounds:

1. The decision of Health International denying Plaintiff long-term disability benefits was not an abuse of discretion because Plaintiff was fully capable of engaging in "light active work" or "light duty work";

2. Plaintiff's fifth claim for medical benefits was denied because she failed to request pre-certification for benefits;

3. Xerox timely provided Plaintiff with notice of her COBRA rights;

4. Xerox's decision to terminate Plaintiff's employment did not violate § 510 of ERISA;

5. Xerox did not improperly amend the LTD Plan; and

6. Under the terms of the LTD Plan, Defendants are not entitled to offset benefits which Plaintiff received from Social Security or from worker's compensation claims.

Summary judgment is proper when pleadings and the evidence on file, along with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. FED.R.CIV.PROC. 56(c). The party moving for summary judgment bears the burden of producing evidence to establish that there is no genuine issue of material fact with regard to an essential element of the nonmovant's case. *Anderson*

---

one, or both, of the following stamps: "XEROX Appendix" or "HI".

**4.** On July 31, 1995, Plaintiff injured her back. *See* Complaint ¶ 4. At the time of her injury, she was a Xerox employee. *Id.* Plaintiff received short-term, and later long-term disability benefits for her injury, however, on March 21, 1997, Health International discontinued long-term disability benefits.

**5.** Under the LTD Plan, the definition of "totally disabled" is:

For employees who become disabled on or after October 15, 1985 and prior to August 1, 1996, the inability to be employed in any substantial and gainful work either inside or outside Xerox because of personal impairment caused by injury or illness, occupational or non-occupational.

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Once the movant produces such evidence, the burden shifts to the nonmovant to produce evidence establishing each of the challenged elements of her case for which she will have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). To meet this burden, the nonmovant must set forth specific facts which demonstrate that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). If the nonmovant fails to meet her burden, summary judgment in favor of the movant is appropriate, *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir.), *cert denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

■ *Grounds 2, 5 and 6:* " 'It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial.' " *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir.1996) (quoting *Branch–Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir.1991)). The claims, issues, and evidence are narrowed by the pretrial order, thereby narrowing the trial to expedite and simplify

the proceeding. *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir.1998). "Once the pretrial order is entered, it controls the course and scope of the proceedings under Federal Rule of Civil Procedure 16(e), and if a claim or issue is omitted from the order, it is waived, even if it appeared in the complaint." *Id.*

In the present case, the above grounds—relating to pre-certification of benefits, improper plan amendment and the offset of benefits—were omitted from the pretrial order that was filed on April 5, 1999. Accordingly, these grounds are deemed waived and Defendants' motion in this regard is granted.

■ *Ground 1:* Defendants contend that the decision of Health International denying Plaintiff long-term disability benefits was not an abuse of discretion[6] because—based upon the medical evidence in the administrative record[7]—Plaintiff was fully capable of engaging in "light active work" or "light duty work." *See* HI 0254, 0203.

In determining whether there was an abuse of discretion, " 'we analyze whether the plan administrator acted arbitrarily or capriciously.' " *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 600 (5th

---

6. A denial of ERISA benefits by a plan administrator is reviewed by the courts under a *de novo* standard unless the plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Meditrust Financial Services Corp. v. The Sterling Chemicals, Inc.*, 168 F.3d 211, 213 (5th Cir.1999) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). In the present case, it is undisputed that Health International was conferred such discretionary authority; accordingly, its decision is reviewed for an abuse of discretion. *See* XA 015.

7. A court's review of factual determinations is confined to the record available to the administrator. *See, e.g., Meditrust Financial Services Corp. v. Sterling Chemicals, Inc.*, 168 F.3d 211, 215 (5th Cir.1999).

In her response to Defendants' motion, Plaintiff appeared to suggest that the adminis-

trative record filed with Defendants' motion was not the full record reviewed by Health International, the LTD Plan administrator. As a result of Plaintiff's apparent assertion, the court set a hearing on July 1, 1999 and directed Plaintiff's counsel to provide the court with those documents which should be included in the administrative record, but which were not included in Defendants' summary judgment appendix. No documents were produced by Plaintiff at or prior to the hearing. The court granted Plaintiff an extension in its order filed on July 7, 1999. However, Plaintiff did not provide any documents which were not included in Defendants' submission. Accordingly, the court finds that the appendix filed by Defendants with their motion for summary judgment constitutes the full and complete record considered by the Plan administrator.

Cir.1994) (quoting *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1014 (5th Cir.1992)). A "decision is arbitrary only if 'made without a rational connection between the known facts and the decision or between the found facts and the evidence.'" *Id.* (quoting *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 828 (5th Cir.1996)). Under the "arbitrary and capricious" analysis, an administrator's decision that is supported by substantial evidence must be affirmed. *Meditrust*, 168 F.3d at 215.

In their motion, Defendants rely upon the medical findings of Drs. Marvin E. Van Hal (HI 0141–45), Bernie L. McCaskill (HI 0031–35, 0121–25, 0251–55), John C. Milani (HI 0200–04), Mark Parker (HI 0227, 240), Kenneth R. Roepke (HI 0418), and D. Ross Halliday (HI 0416), as well as the results of a Functional Capacity Evaluation ("FCE") performed by Irving Healthcare System on March 13–14, 1997 (HI 0407–10). Although the findings rendered by Dr. Van Hal on August 15, 1996 and by Dr. McCaskill on May 8, 1996 pre-date Health International's decision to deny Plaintiff's request for long-term disability benefits, the remaining findings were made on or about the time of denial, to-wit: March 21, 1997.

Specifically, Drs. Parker and McCaskill found that Plaintiff "achieved maximum medical improvement from her injury" and that no "additional treatment would be of predictable benefit." HI 0254, 0227. Dr. Halliday found Plaintiff's complaints of pain to be unsupported by the medical evidence. HI 0416 (there are "no physical or diagnostic studies that correlate"). Finally, Drs. McCaskill and Milani deemed Plaintiff to be "capable of returning to light active work lifting no more 10 pounds."[8] HI 0254, 0203.

In opposing Defendants' motion, Plaintiff points out that the views and opinions of the examining healthcare providers conflict with those of her primary care physician, Dr. Don C. Dunlap. Specifically, Dr. Dunlap opined that her ability to lift was extremely limited, *see* HI 0196–98, and he believed that she had not achieved maximum medical improvement and that a further evaluation should be made. *See* HI 0260, also 0156 and 0236. However, Dr. Dunlap's views were rejected by the examining physicians. *E.g.*, HI 0240.

■ The Fifth Circuit has previously upheld an administrator's denial of benefits based on an independent review of the claimants' medical records. *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 603 (5th Cir.1994) ("[The plan administrator] did not rely on Sweatman's physician's diagnoses only to ignore their advised treatment. Rather, [the plan administrator] denied Sweatman's claim based on the opinions of [independent doctors] disagreeing with those of Sweatman's physicians.").[9]

Plaintiff also alleges that Xerox breached its fiduciary duty on the basis of a conflict of interest. More specifically, Plaintiff contends that:

8. Dr. Milani actually deemed Plaintiff to be capable of performing "light duty work lifting 20 lbs. occasionally and 10 lbs. more frequently." HI 0203, Irrespective of whether Plaintiff was capable of lifting no more than ten pounds ("sedentary work"), or whether she was able to lift up to twenty pounds ("light work"), *see* 20 C.F.R. § 404.1567 (relating to "physical exertion requirements"), it is clear that "any substantial and gainful work" includes both light and sedentary work. XA 002; *Thibodeaux v. Continental Casualty Ins. Co.*, 138 F.3d 593, 596 (5th Cir.1998); *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1307–08 (5th Cir.1994).

9. If a benefits denial is supported by substantial evidence, it is not arbitrary or capricious and therefore is not an abuse of discretion. *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 637 n. 12 (5th Cir.1992). Further, the fact that a plan administrator accepted the opinions of examining doctors which conflicted with those of a claimant's physician does not warrant a finding that the administrator's decision was arbitrary and capricious. *See, e.g., Meditrust, supra,* 168 F.3d at 215 n. 7.

The administrators of Lisa Krisher's long Term Disability Plan had an inherent conflict of interest when deciding her claim. First, Xerox is the listed Administrator of the plan at the time of Lisa Krisher's injury and likewise is ultimately responsible for the administrative decisions while funding the Plan. Second, sometime prior to and effective August 1st, 1996 Xerox undertook a program to bring their disability claim statistics in line with industry averages ...

To lessen the costs to Xerox who as plan administrator determines benefit qualifications and who pays benefits out of general revenues, the bona fide claims of Lisa Krisher were denied. This conduct occurred under a conflict of interest and was a breach of fiduciary duty owed to Lisa Krisher.

Plaintiff's response at p. 16.

It is well settled, however, that "Plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries." *Lockheed Corp. v. Spink*, 517 U.S. 882, 890, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996). That is, "with respect to the amendment of welfare benefit plans, '[e]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans.' When employers undertake those actions, they do not act as fiduciaries, but are analogous to the settlors of a trust." *Id.*, at 890, 116 S.Ct. 1783; *see also Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 119 S.Ct. 755, 763, 142 L.Ed.2d 881 (1999) ("Our conclusion applies with equal force to persons exercising authority over a contributory plan, a noncontributory plan, or any other type of plan.").

■ Accordingly, Plaintiff's allegation that Xerox breached its fiduciary as a result of its decision to lessen costs and to "bring [its] disability claim statistics in line with industry averages" is without merit.

Equally without merit are Plaintiff's allegations in her response that Health International breached its fiduciary duty pursuant to 29 U.S.C. § 1104(a)[10] on the bases that (i) Health International did not conduct a "full and fair review" of Plaintiff's disability claim and (ii) Health International improperly "commingled" her "worker's compensation and Long Term Disability file." Plaintiff's response at p. 9.

The only evidence tendered by Plaintiff to support her allegations is evidence outside the administrative record, *see* Plaintiff's response (citing Exhibits 5 and 6), and is not appropriate for such consideration. *See, supra*, n. 7. However, even were it considered, it would not create an issue of fact with respect to whether the Plan administrator fully and adequately reviewed Plaintiff's claim. *See Meditrust*, 168 F.3d at 215 (rejecting plaintiff's allegations of bad faith and failure to provide a full and fair review and affirming district court's finding that the Plan "fully and adequately reviewed [plaintiff's] claim").

*Ground 3:* In this ground, Defendants contend that Xerox timely provided Plaintiff with notice of her COBRA rights. In support thereof, Defendants point to (1) the affidavit of J. Breitenstein (XA 543–45), (2) the computer records of Automatic Data Processing, Inc. ("ADP")[11] (XA 546), and (3) a reproduction of the COBRA letter sent to Plaintiff dated 6/26/1997 (XA 547–49), to evidence the fact that COBRA notice was sent to Plaintiff.

---

10. Section 1104(a) provides (in part) that:
 (1) ... a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and
 (A) for the exclusive purpose of:
 (i) providing benefits to participants and their beneficiaries and

 (ii) defraying reasonable expenses of administering the plan.

11. ADP is identified as the "Health and Welfare administrator for Xerox Corporation." XA 543.

■ COBRA requires that employers allow former employees the opportunity to continue health care coverage under the employer's plan if a "qualifying event" occurs. 29 U.S.C. § 1161. When a qualifying event occurs, such as the termination of employment, the employer is required to notify the plan administrator within thirty days of the date of the qualifying event. *See* 29 U.S.C. §§ 1163(2), 1166(a)(2). The administrator (or, in this case, Health International), is then required to notify "any qualified beneficiary" of the qualifying event. 29 U.S.C. § 1166(a)(4)(A). In an action for benefits under COBRA, the administrator bears the burden of proving that adequate notice was given. *See, e.g., Stanton v. Larry Fowler Trucking, Inc.,* 52 F.3d 723, 728–29 (8th Cir.1995).

While the statute itself does not provide guidance with respect to the manner in which notice is to be provided, courts interpreting this issue have held that a "good faith attempt" to comply with the notice requirement is sufficient. *Myers v. King's Daughters Clinic,* 912 F.Supp. 233 (W.D.Tex.1996), *aff'd* 96 F.3d 1445 (5th Cir.1996); *Lawrence v. Jackson Mack Sales, Inc.,* 837 F.Supp. 771, 782 (S.D.Miss. 1992), *aff'd* 42 F.3d 642 (5th Cir.1994); *see also Branch v. G. Bernd Co.,* 764 F.Supp. 1527, 1534 n. 11 (M.D.Ga.1991), *aff'd* 955 F.2d 1574 (11th Cir.1992) ("courts have generally validated methods of notice which are calculated to reach the beneficiary").

In both *Myers* and *Lawrence, supra,* the Fifth Circuit affirmed the respective district courts' holdings that mailing the CO-BRA notice to the employee at his last known address as reflected in the employer's records is sufficient notice under the statute. Moreover, "§ 1166 does not require proof that the notices required by that section be received." *Lawrence,* 837 F.Supp. at 783.

■ The summary judgment evidence presented by Defendants establishes their prior good faith attempt to provide Plain-tiff with COBRA notice. In her response, Plaintiff's counterargument is predicated solely on her allegation that COBRA notice was never *received.* As a result, she has totally failed to set forth facts, by affidavits or otherwise, showing that there is a genuine issue for trial. *Topalian v. Ehrman,* 954 F.2d 1125, 1132 (5th Cir.), *cert. denied,* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Because Plaintiff has not raised a genuine issue for trial, Defendants' motion for summary judgment on this ground is granted.

*Ground 4:* Defendants contend that Xerox's decision to terminate Plaintiff's employment did not violate § 510 of ERISA because Xerox did not act "with a specific discriminatory intent to retaliate [against Krisher] for exercising an ERISA right or to prevent attainment of benefits which she would become entitled to." Defendant's motion at p. 13. Defendants further contend that "Krisher has failed to allege, much less present any evidence, that Xerox terminated her employment with [such a] discriminatory intent." *Id.* at p. 14.

Section 510 of ERISA provides:

It shall be unlawful for any person to discharge . . . . a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under [an employee benefit plan] . . .

29 U.S.C. § 1140. In order to state a claim predicated on § 510, a "plaintiff need not show that the sole reason for the termination was to interfere with rights protected by ERISA; he need only prove that a specific intent to violate ERISA partly motivated the employer." *Nero v. Industrial Molding Corp.,* 167 F.3d 921, 927 (5th Cir.1999). Moreover, a "plaintiff may raise the inference of discrimination by direct or circumstantial evidence." *Id.*

■ In response to Xerox's motion, Plaintiff provides no evidence of direct evi-

dence of discrimination. In analyzing a discrimination claim brought under ERISA predicated on circumstantial evidence, a plaintiff must make a *prima facie* showing that: (1) he had the right to obtain rights under an ERISA benefit plan; (2) he was qualified for the employment position from which he was terminated; and (3) he was subjected to adverse action under circumstances that give rise to an inference of discrimination. If a *prima facie* demonstration is made, in order to dispel the inference of discrimination, the defendant must articulate a non-discriminatory reason for its determination. Once such a non-discriminatory reason is articulated, the plaintiff must prove that the defendant was motivated by "the specific intent of interfering with the plaintiff's ERISA benefits." *Stafford v. True Temper Sports,* 123 F.3d 291, 295 (5th Cir. 1997) (citing *Lehman v. Prudential Ins. Co. of America,* 74 F.3d 323, 330–31 (1st Cir.1996)).

In the present case, Plaintiff contends that Xerox's decision to terminate her employment was retaliatory because it was driven solely by Xerox's desire to cut costs. *See* Plaintiff's response at pp. 18–19. Plaintiff's subjective belief that she was terminated as a cost-cutting measure is insufficient to satisfy the third element of the *prima facie* showing, particularly where as here, the decision to terminate her employment took place well after she had become eligible for, and in fact had received insurance benefits. Moreover, even if it be assumed, *arguendo,* that Ms. Krisher has made a *prima facie* showing, Xerox has articulated a non-discriminatory basis for its decision, that is, that its decision was not based on a desire to 'save a buck', but rather due to its inability "to identify a job suitable for Ms. Krisher, given her physical limitations." XA 425. Plaintiff has failed to show the existence of a genuine issue of fact that Xerox's explanation is pretextual or that Xerox's decision to terminate her was motivated by the specific intent of interfering with her ERISA benefits.

Accordingly, it is ORDERED that Plaintiff's motion for new trial is DENIED and that Defendants' motion for summary judgment is GRANTED.