# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3798

_____

Kelly D. Crotty,                                  *
                                                  *
            Appellant,                            *
                                                  *
      v.                                          *   Appeal from the United States
                                                  *   District Court for the
Dakotacare Administrative Services,               *   District of South Dakota.
Inc., d/b/a Dakotacare and/or                     *
Dakotacare COBRA Services,                        *
                                                  *
            Appellee.                             *

_____

Submitted: April 19, 2006
Filed: August 1, 2006

_____

Before ARNOLD, LAY, and COLLOTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

The Consolidated Omnibus Budget Reconciliation Act (COBRA) requires the administrators of covered group health plans to notify terminated employees that they have the option of continuing their benefits after their employment ends. *See* 29 U.S.C. §§ 1161(a), 1163, 1166(a)(4). Kelly Crotty filed the present lawsuit, claiming that she lost the opportunity to extend her health insurance coverage because Dakotacare Administrative Services failed to give her the required statutory notice. The district court concluded that Dakotacare had shown that it had made a good faith attempt to provide the notice, granted its motion for summary judgment, and denied

Ms. Crotty's motion for partial summary judgment. We reverse and remand for further proceedings.

I.

Dakotacare administered the group health insurance plan of Big D Oil Company. Ms. Crotty worked at a Big D retail location until September, 1993, when Big D decided to close her store. Ms. Crotty's termination was a "qualifying event," *see* 29 U.S.C. § 1163, that required Dakotacare to notify her about her right to continue her health coverage. *See* 29 U.S.C. § 1166(a)(4)(A).

Ms. Crotty contends that she was not notified of her rights and that she first learned of the option to continue her benefits when Dakotacare sent her a letter in December, 1993, telling her that her period for exercising that option had expired. In the interval, Ms. Crotty had developed medical problems that eventually required surgery. Dakotacare rejected Ms. Crotty's attempts to extend her health benefits after she received the expiration notice. Ms. Crotty eventually filed suit in district court, claiming that Dakotacare had failed to comply with its duty to notify her of the availability of benefits.

This case turns upon whether Dakotacare presented evidence sufficient to show that it complied with the notice requirements of § 1166(a)(4)(A). Plan administrators bear the burden of proof on this matter. *Stanton v. Larry Fowler Trucking, Inc.*, 52 F.3d 723, 728-29 (8th Cir. 1995), *overruled on other grounds*, *Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966, 969, 971-72 (8th Cir. 2002) (en banc). We review *de novo* the district court's order granting summary judgment to Dakotacare. *Mercer v. City of Cedar Rapids*, 308 F.3d 840, 843 (8th Cir. 2002).

## II.

Although § 1166(a)(4)(A) does not specify what steps should be taken to notify the plan participant, we have said that "a good faith attempt to comply with a reasonable interpretation of the statute is sufficient." *Chesnut v. Montgomery*, 307 F.3d 698, 702 (8th Cir. 2002) (quoting *Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1383 (10th Cir. 1997) (quotation omitted)). Other courts have held that the statute does not require proof of actual notice, so long as the administrator has sent the notice by means reasonably calculated to reach the recipient. *Degruise v. Sprint Corp.*, 279 F.3d 333, 336 (5th Cir. 2002); *Bryant v. Food Lion, Inc.*, 100 F. Supp.2d 346, 367 (D. S. C. 2000), *aff'd*, No. 00-1894, 2001 WL 434566 (4th Cir. April 30, 2001), *cert. denied*, 534 U.S. 993 (2001); *Marsaglia v. L. Beinhauer & Son, Co.*, 987 F. Supp. 425, 432 (W.D. Pa. 1997), *aff'd*, 168 F.3d 479 (3d Cir. 1998); *Keegan v. Bloomingdale's, Inc.*, 992 F. Supp. 974, 977-78 (N.D. Ill. 1998). We agree that this is the appropriate standard by which to judge compliance with § 1166(a)(4)(A).

To carry its burden of proving that it satisfied the statute's requirement, Dakotacare offered evidence about the measures that it took to notify Ms. Crotty of her right to extend her health benefits. First, Dakotacare produced an audit report that indicated that its computerized tracking system had generated a notice letter to Ms. Crotty around the time that she was terminated. Second, Dakotacare presented testimony from one of its employees about the company's procedure for mailing notification letters. The employee, Miriam Barr, testified that after a Dakotacare employee entered data about a plan participant, the company's computer program would automatically generate a notice letter describing the options available to the participant. She also testified that this notice typically was printed, sorted into a stack with similar documents, placed by hand into an addressed envelope that was generated by a separate computer program, and then mailed with any necessary postage. Ms. Barr testified that this mailing system was in place at the time that Big D terminated Ms. Crotty and that Dakotacare processed about 300 letters per month. None of

Dakotacare's employees, however, recalled seeing or mailing a notification letter to Ms. Crotty.

Dakotacare contends that this evidence was sufficient to establish, as a matter of law, that it took steps reasonably calculated to give the required notice to Ms. Crotty. Dakotacare directs our attention to a number of cases in which district courts have awarded summary judgment to a plan administrator despite the employee's assertion that he or she never received notification. *See, e.g., Southern Md. Hosp. Ctr. v. Herb Gordon Auto World, Inc.*, 6 F. Supp. 2d 461, 465-66 (D. Md. 1998); *Roberts v. National Health Corp.*, 963 F. Supp. 512, 514-15 (D.S.C. 1997); *Truesdale v. Pacific Holding Co./ Hay Adams Div.*, 778 F. Supp. 77, 80-82 (D.D.C. 1991).

We are not persuaded. In the cases that Dakotacare cites, the administrator presented some evidence tending to show that the notice in question was in fact mailed. In *Southern Md. Hosp.*, 6 F. Supp. 2d at 465-66, for instance, the administrator provided the court with a photocopy of the envelope addressed to the recipient. In *Roberts*, 963 F. Supp. at 514-15, the evidence included a report generated by the administrator that was stamped with the date that the notice was mailed. And in *Truesdale*, 778 F. Supp. at 78-79, the plan administrator presented an affidavit by an employee who recalled mailing the notice to the recipient. *Cf. Jachim v. KUTV Inc.*, 783 F. Supp. 1328, 1333-34 (D. Utah 1992). All of these cases involved evidence not only that the employer had a system for sending out the required notices, but also that the system was in fact followed with respect to the person in question.

Dakotacare has presented evidence that it had a system for sending out COBRA notices. The only evidence that it can muster to show that the system was followed, however, is an audit report indicating that at some point Dakotacare's computer system generated a notice letter for Ms. Crotty. Dakotacare does not have any evidence that this letter was printed out, placed in a properly addressed envelope, or sent through

the mail. Because it did not present any proof that it placed the letter in the mail, it is not entitled to the general presumption that "a properly mailed document is received by the addressee," *Davis v. U.S. Bancorp*, 383 F.3d 761, 766 (8th Cir. 2004). Without more, we conclude that Dakotacare failed to meet its burden of proving that it made a good faith effort to take steps reasonably calculated to provide Ms. Crotty with the required notice. *Cf. Phillips v. Riverside, Inc.*, 796 F. Supp. 403, 408 (E.D. Ark. 1992).

We agree with Dakotacare that § 1166(a)(4)(A) does not require any particular system or specific approach to the delivery of notice. An administrator need not provide a return receipt for the notice or present testimony of an employee specifically recalling the individual letter. But we note, as we did in *Stanton*, 52 F.3d at 727, that COBRA requires the plan administrator to keep records of the notices that it has given, *see* 29 U.S.C. § 1027, and we hold that the administrator must provide something that indicates that its mailing system was reliable and that the system was followed in the relevant instance. The record here is devoid of evidence on both of these crucial matters. We do not need to decide what steps would satisfy this obligation; it suffices to say that Dakotacare has not met the minimum threshold necessary to meet its burden of proof. Therefore Dakotacare was not entitled to summary judgment.

## III.

Because Dakotacare failed to present evidence that it satisfied its obligation to notify Ms. Crotty, we also conclude that Ms. Crotty's motion for partial summary judgment on the issue of notice should have been granted. When a party such as Dakotacare has the burden of proof on an issue, it must present evidence sufficient to create a genuine issue of material fact to survive a properly supported summary judgment motion. *See Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)). As we have already said, we do not believe that a reasonable juror could conclude from the present

record that Dakotacare had satisfied the notice obligation of § 1166(a)(4)(A). *Cf. RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995). Ms. Crotty was thus entitled to judgment on her claim that Dakotacare did not give her notice of her right to extend her health insurance.

IV.

For the reasons stated, we reverse the judgment entered in favor of Dakotacare, and we remand the case for an entry of partial summary judgment in Ms. Crotty's favor with respect to the issue of notice and for any further necessary proceedings.

_____