UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31320
_____

MONTY J. DEGRUISE,

        Plaintiff-Appellant

VERSUS

SPRINT CORPORATION, ET AL,

        Defendants

SPRINT CORPORATION,

        Defendant-Appellee

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

January 28, 2002

Before JOLLY and PARKER, Circuit Judges, and MILLS[*], District
Judge.

RICHARD MILLS, DISTRICT JUDGE:

    This case presents an issue of first impression for this
Court.

    The sole issue is whether a company meets its notification
duty under COBRA by sending a letter by "certified mail" to an

_____

    [*] District Judge of the Central District of Illinois,
sitting by designation.

1

individual's last known address even when the company knows that the individual did not actually receive the letter.

The answer is yes.

The district court is affirmed.

## FACTS

Sprint terminated Monty Degruise's employment on February 4, 1998. By letter dated February 11, 1998, Sprint mailed to Degruise, by certified mail with return receipt requested, the notice required by the Consolidated Omnibus Budget Reconciliation Act ("COBRA") amendment to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1161-1168, concerning his right to elect continuing health care coverage.

On February 17 and 22, the United States Postal Service twice attempted to deliver the COBRA notice that Sprint sent to Degruise. Degruise was out of town on both occasions. The Postal Service left a notification in Degruise's mail box that a certified letter awaited him at the post office.

When Degruise returned to town, he went to the post office to retrieve his letter. Postal workers could not locate the letter. They advised him to return in a couple of days and check to see if the letter had been located. Degruise did as the postal workers directed, but his letter still could not be located by the time he returned. Degruise had no way of knowing who sent the letter or what it contained. The Postal Service finally located the letter and returned it to Sprint on March 1,

2

1998, with an indication that the letter had never been claimed by Degruise.

Soon after his employment with Sprint ended, Degruise began a new job with a new employer. The new employer provided Degruise with medical coverage. Before this coverage began, however, Degruise started to receive treatment for a medical condition. When he filed coverage claims with his new employer's insurer, his claims were denied as a pre-existing medical condition.

Degruise filed suit against his new employer and Sprint under ERISA, alleging that he had not received notice from Sprint regarding his right to continue health care coverage under COBRA. He claimed that he had incurred significant medical expenses for which either his new employer or Sprint should have been responsible.

Sprint filed a motion for summary judgment arguing that it met its duties under COBRA when it sent Degruise a notification letter via certified mail. The district court held that COBRA requires only a "good faith" effort to comply with notification provisions. Degruise appealed and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

STANDARD OF REVIEW

The Court uses a *de novo* standard when reviewing a district court's decision to allow summary judgment. See Tolson v.

3

Avondale Indus., Inc., 141 F.3d 604, 608 (5th Cir. 1998). Under this standard a district court's decision to enter summary judgment will be allowed when, viewing the evidence in the light most favorable to the nonmoving party, the record shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## ANALYSIS

COBRA requires sponsors of group health plans to provide plan participants who lose coverage because of a "qualifying event" with the opportunity to choose to continue health care coverage on an individual basis. See 29 U.S.C. §§ 1162, 1163. "Qualifying events" include the termination of a covered employee's employment. See 29 U.S.C. § 1163(2). When a "qualifying event" occurs, the plan sponsor must provide written notice to the plan participant within 14 days of the date it was notified of the "qualifying event". See 29 U.S.C. §§ 1166(a)(1), (a)(2), (a)(4),and (c).

Although Congress intended for the Secretary of Labor to issue regulations defining what adequate notice is, the Secretary has not issued any such regulations. See 29 U.S.C. § 1166(a). Thus, "'employers are required to operate in good faith compliance with a reasonable interpretation' of what adequate notice entails." See Kidder v. H & B Marine, Inc., 734 F.Supp.

4

730 n.6 (E.D. La. 1990)(quoting H.R. Rep. No. 99-453, at 653 (1985)), aff'd in part and rev'd in part, 932 F.2d 347 (5th Cir. 1991). This does not mean, however, that employers are required to ensure that plan participants actually receive notice. Rather, it merely obligates employers to use means "reasonably calculated" to reach plan participants.[1]

It is undisputed that Degruise never received a notification letter from Sprint about his rights under COBRA. Sprint sent Degruise a notification letter by certified mail to his home address on February 12, 1998, but neither Degruise nor anyone on his behalf was present to receive it. Degruise, it turns out, had recently gotten married and was out of town on a three-week honeymoon. After making two attempts to deliver the letter, the Postal Service left a note at Degruise's house informing him that

---

[1] See Lawrence v. Jackson Mack Sales, Inc., 837 F.Supp. 771, 782 (S.D.Miss.1992), ("Methods of notification which are reasonably calculated to reach the employee or benficiary are considered to conform to the standard of good faith compliance with the statute.")), aff'd 42 F.2d 642 (5th Cir.1994); Myers v. King's Daughter's Clinic, 912 F.Supp. 233, 236 (W.D.Tex.1996) same)), aff'd 96 F.3d 1445 (5th Cir.1996); see also Bryant v. Food Lion, Inc., 100 F.Supp.2d 346, 367 (D.S.C. 2000) (same), aff'd 2001 WL 434566 (4th Cir. Apr. 30, 2001); Keegan v. Bloomingdale's, Inc., 992 F.Supp. 974, 977 (N.D.Ill. 1998) ("[T]he issue is not whether the former employee actually received notice; the issue is whether the plan administrator 'caused the notice to be sent in a good faith manner reasonably calculated' to reach the former employee." (quoting Jachim v. KUTV, Inc., 783 F.Supp. 1328, 1333-34 (D.Utah 1992))); Marsaglia v. L. Beinhauer & Sons, Co., 987 F.Supp. 425, 432 (W.D.Pa. 1997) ("[T]he few courts that have considered the matter have determined that a good faith effort that is reasonably calculated to reach the employee satisfies COBRA's notice requirement.")).

it had a letter for him at its office.  Degruise went to the post office to retrieve the letter, but it could not be located.  When the Postal Service later found the letter, it returned the letter to Sprint marked "undelivered".  The district court concluded that Sprint's attempt to contact Degruise constituted a "good faith" notification effort under COBRA.  Degruise contends that the district court erred.

We disagree.

The district court correctly found that "the law requires only that the employer make a good faith attempt to comply with [COBRA's] notification provision."  See Degruise v. Sprint Corp., 1999 WL 486887, *2 (E.D.La.) (citing Myers, 912 F.Supp. at 236); Truesdale v. Pacific Holding Co./Hay Adams Div., 778 F.Supp. 77, 81-82 (D.D.C.1991)).  "Good faith" can be demonstrated in a variety of ways with respect to COBRA's notification requirements.  An employer can hand deliver a letter to an individual or, more commonly, send a letter via first class mail.  See, i.e., Lawrence, 837 F.Supp. at 782 (finding that employer acted in "good faith" by sending COBRA notification to individual via first class mail); Dehner v. Kansas City Southern Indus., Inc., 713 F.Supp. 1397 (D.Kan. 1989) (employer acted in "good faith" when it hand delivered a COBRA notification letter).

Here, Sprint sent Degruise's notification letter via certified mail---a special type of first class mail whose primary purpose is to provide evidence of an individual's receipt of

6

delivery.  See United States v. McGlory, 202 F.3d 664, 673 (3rd Cir.2000) (citations omitted); see also United States Postal Service, Domestic Mail Manual, Issue 54, §912.1.2 (12/2/1999) (on the Web at http://pe.usps.gov/) ("Only mailable matter on which postage is paid at a First-Class mail rate (including Priority Mail) may be accepted as certified mail")).  By using a type of first class mail, Sprint made a "good faith" effort to notify Degruise of his rights under COBRA.  See Lawrence, 837 F.Supp. at 782.

Sprint later discovered Degruise's letter went undelivered, but this does not affect the outcome here.  The law requires nothing more than for an employer to make a "good faith" attempt to provide notification.  Sprint sent Degruise a notification letter by certified mail to the address Degruise listed.  It had no knowledge why and was not responsible for the letter going undelivered.  Therefore, Sprint did nothing to undermine the presumption of "good faith" established under the case law once it attempted to notify Degruise of his COBRA benefits by certified mail.[2]

CONCLUSION

For these reasons, we AFFIRM the district court's entry of

---

[2] It is worth noting that this whole episode could have been avoided had Sprint taken the added precaution of mailing Degruise his COBRA notification by ordinary first-class mail at the same time it sent the notification by certified mail.  Sprint was not legally required to do this, but it would have been a good practice.

summary judgment for Sprint.