Jack E. **WAGNER**, Jr., Plaintiff,

v.

**ACCESS CASH INTERNATIONAL, INC.,** Defendant.

No. 00–3288.

United States District Court,
C.D. Illinois,
Springfield Division.

July 30, 2002.

---

Daniel Paul Schuering, Edwin Earl Boggess, Schuering & Kerley, P.C., Springfield, IL, for plaintiff.

Howard W. Feldman, Stanley N. Wasser Benson, Michelle L. Blackburn, Feldman, Wasser, Draper & Benson, Springfield, IL, for defendant.

*OPINION*

RICHARD MILLS, District Judge.

In law, it is good policy to never plead what you need not, lest you oblige yourself to prove what you can not.

Abraham Lincoln, Letter to Usher F. Linder (Feb. 20, 1848), *in* II COMPLETE WORKS OF ABRAHAM LINCOLN, 3 (John G. Nicolay and Johns Hay, eds., New York: Francis D. Tandy Co., 1894).

## I. BACKGROUND

Access Cash International, Inc. ("Access Cash"), is a Minnesota based company engaging in the business of providing self-service financial products, including ATM's, transaction process, and management. Jack E. Wagner, Jr., began working for Access Cash as a commissioned salesperson on October 15, 1997. As part of his compensation package, Wagner received bi-weekly advances of $1,500.00 against his commissions from Access Cash. Between October 15, 1997, and February 15, 1999, Access Cash advanced to Wagner $54,150.00. However, during this same period of time, Wagner only earned $17,466.66 in commissions which were credited against his advances.

On February 15, 1999, Access Cash terminated Wagner's employment. Wagner was 46 years of age at the time. Thereafter, Access Cash hired D.J. Schultz to replace Wagner. Schultz was 23 years of age at the time he was hired by Access Cash.

On October 31, 2000, Wagner filed a two Count Complaint in this Court against Access Cash. Count I alleges that Access Cash discriminated against Wagner by firing him because of his age in violation of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 621 *et seq.* Count II alleges that Access Cash violated the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161(a) *et seq.*, by failing to provide notice to Wagner of his right to continue his health insurance coverage upon his termination. Access Cash has now moved, pursuant to Federal Rule of Civil Procedure 56(c), for

summary judgment on both of Wagner's claims against it.

## II. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c); see *Ruiz–Rivera v. Moyer,* 70 F.3d 498, 500–01 (7th Cir.1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir.1997).

## III. ANALYSIS

### A. *ADEA CLAIM*

In order for Wagner to establish that Access Cash violated the ADEA, he must show that his age was a determining factor in Access Cash's decision to fire him.

*Wolf v. Buss (America), Inc.,* 77 F.3d 914, 919 (7th Cir.1996); *Smith v. Great Am. Restaurants, Inc.,* 969 F.2d 430, 434 (7th Cir.1992). Wagner need not prove that his age was the sole reason for Access Cash's decision; rather, he need only to show that "but for" Access Cash's motive to discriminate against him based upon his age, he would not have been subjected to an adverse employment action. *Wolf,* 77 F.3d at 919; *La Montagne v. Am. Convenience Prods., Inc.,* 750 F.2d 1405, 1409 (7th Cir. 1984). Wagner

> may prove age discrimination in one of two different ways. [H]e may try to meet h[is] burden head on by presenting direct or circumstantial evidence that age was the determining factor in h[is] discharge. Or, as is more common, [ ]he may utilize the indirect, burden-shifting method of proof for Title VII cases originally set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and later adapted to age discrimination claims under the ADEA.

*Anderson v. Baxter Healthcare Corp.,* 13 F.3d 1120, 1122 (7th Cir.1994) (citations and quotations omitted); *Anderson v. Stauffer Chem. Co.,* 965 F.2d 397, 400 (7th Cir.1992).

Contrary to his assertions otherwise, Wagner has presented no direct evidence that Access Cash fired him because of his age. "To prove age discrimination using direct evidence, an ADEA plaintiff must establish 'that he would not have been discharged 'but for' his employer's motive to discriminate against him because of his age.'" *Mills v. First Fed. Sav. & Loan Ass'n of Belvidere,* 83 F.3d 833, 840 (7th Cir.1996), quoting *Karazanos v. Navistar Int'l Transp. Corp.,* 948 F.2d 332, 335 (7th Cir.1991); *Anderson,* 965 F.2d at 400. To prove the required "but for" causation,

Wagner could have relied upon any of the following four types of evidence:

1) direct evidence that age was a determining factor, such as discriminatory statements uttered by the employer's decision-maker.

2) circumstantial evidence that age was a determining factor, such as a statistical imbalance in the employer's workforce.

3) direct evidence that the employer's proffered justification is pretextual, such as a contradiction between the employer's proffered justification at trial and documentary evidence from the time of the decision.

4) circumstantial evidence that the employer's proffered justification is pretextual, such as evidence that the proffered justification is not a genuine job requirement.

*Giacoletto v. Amax Zinc Co., Inc.*, 954 F.2d 424, 425–26 (7th Cir.1992); *Perfetti v. First Nat'l Bank of Chicago*, 950 F.2d 449, 450–51 (7th Cir.1991).

Wagner has tendered no such evidence. In fact, the only evidence presented by Wagner which arguably could constitute direct evidence is his affidavit in which he opines that Access Cash fired him because of his age. However, "conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact." *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 354 (7th Cir.2002).

Therefore, in order for Wagner to proceed on his ADEA claim, he must rely upon the burden-shifting analysis set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 326 (7th Cir.2002)(holding that, if an employee presents no direct evidence of discrimination, his ADEA claim must proceed under the burden-shifting analysis of *McDonnell Douglas*).

To establish a *prima facie* ADEA claim under *McDonnell Douglas*, Wagner must "present enough evidence to create a triable issue of fact on each of the following elements: 1) he is a member of the class protected by the statute; 2) he reasonably performed to his employer's expectations; 3) he was terminated; and 4) the position remained open or he was replaced by someone substantially younger." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 472 (7th Cir.2002), *citing Radue v. Kimberly–Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000).

Once an ADEA plaintiff has established a *prima facie* case, a rebuttable presumption of discrimination is created. *Wolf,* 77 F.3d at 919; *Oxman v. WLS–TV*, 846 F.2d 448, 453 (7th Cir.1988). "The burden of production then shifts to the employer to articulate a legitimate nondiscriminatory reason for the employee's termination." *Wolf,* 77 F.3d at 919 (footnote omitted); *Weihaupt v. Am. Med. Ass'n,* 874 F.2d 419, 426 (7th Cir.1989). If the employer is able to overcome the presumption, the burden returns to the plaintiff to show by a preponderance of the evidence that the employer's reasons are pretextual. *Wolf,* 77 F.3d at 919; *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1039 (7th Cir.1993).

Pretext "means a dishonest explanation, a lie rather than an oddity or an error." *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir.2000). The United States Court of Appeals for the Seventh Circuit has stated that "[p]retext may be established directly with evidence that [the employer] was more likely than not motivated by a discriminatory reason, or indirectly by evidence that the employer's explanation is not credible." *Russell v. Acme–Evans Co.*, 51 F.3d 64, 68 (7th Cir.1995). If an ADEA plaintiff chooses to establish pretext indirectly, the plaintiff may do so "by introducing evidence that demonstrates that (1) the prof-

fered reasons are factually baseless; (2) the proffered reasons were not the actual motivation for the discharge; or (3) the proffered reasons were insufficient to motivate the discharge." *Wolf,* 77 F.3d at 919; *Weihaupt,* 874 F.2d at 428.

Finally, an ADEA plaintiff may not simply show that the employer acted incorrectly; rather, the plaintiff must show that his employer did not believe the reasons it offered for firing him. *McCoy v. WGN Continental Broadcasting Co.,* 957 F.2d 368, 373 (7th Cir.1992). The Court should "not sit as a super-personnel department that reexamines an entity's business decisions. The question is not whether the [employer] exercised prudent business judgment, but whether [the employer] has come forward to refute the articulated, legitimate reasons for his discharge." *Dale v. Chicago Tribune Co.,* 797 F.2d 458, 464 (7th Cir.1986)(internal citations omitted); *Giannopoulos v. Brach & Brock Confections, Inc.,* 109 F.3d 406, 410 (7th Cir.1997).

■ Although the Court recognizes that Wagner's burden of establishing the four elements of a *prima facie* case is not onerous but is generally "quite easy to meet," *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Kahn v. United States Secretary of Labor,* 64 F.3d 271, 277 (7th Cir.1995), the Court finds that he has failed to establish the second element of his *prima facie* case. *See Coco v. Elmwood Care, Inc.,* 128 F.3d 1177, 1178 (7th Cir.1997)(holding that "the prima facie case under *McDonnell Douglas* must be established and not merely incanted."). Specifically, Wagner has failed to create a triable issue of fact regarding whether he reasonably performed his job duties to Access Cash's expectations.

The uncontroverted evidence shows that, in the two years in which it employed Wagner as a salesman, it lost over $35,000.00 due to Wagner's failure to generate sufficient sales to enable his commissions to exceed his base pay as an advance on his commissions. Moreover, in its letter to Wagner notifying him that he was being discharged, Brandon Almich, Access Cash's sales manager, informed Wagner that he was being fired "due to your failure to meet sales objectives established in the Fall conversation with Jon Thomas." Wagner has offered no evidence, circumstantial or otherwise, to challenge this reason as being the basis upon which he was terminated.

Furthermore, the fact that, in the months immediately preceding his termination, Wagner's sales figures increased does not create a triable issue sufficient to defeat Access Cash's summary judgment motion. An employer is under no duty to balance an employee's favorable reviews and job performance against his unfavorable reviews and poor job performance in determining whether the employee is meeting the employer's legitimate employment expectations. *Peele,* 288 F.3d at 328–29. On the contrary, an employer may terminate an at-will employee for a good reason, a bad reason, or for no reason at all; it just may not terminate an employee for a discriminatory reason. *See Ward v. Post–Tribune Publ'g, Inc.,* 1998 WL 516786, * 2, 151 F.3d 1035 (7th Cir. 1998) (opining that the plaintiff "was an at-will employee, meaning he could be fired for any reason (or none at all) so long as the reason was not discriminatory.").

Finally, Wagner's assertion that, if given the opportunity to do so, he will present live testimony at trial which will support his ADEA claim is wholly inadequate. As the Seventh Circuit has explained, summary judgment is the " 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of*

*Corrections,* 175 F.3d 497, 503–04 (7th Cir. 1999). If it is true that Wagner could have tendered witnesses to the Court to substantiate his ADEA claim, he should have offered these witnesses' depositions and/or affidavits in response to Access Cash's motion for summary judgment. He cannot, in the face of a summary judgment motion, assume that a trial will be held at which time he may prove his case.

Accordingly, the Court finds that no genuine issues of material fact exist which would preclude it from entering summary judgment in Access Cash's favor. Moreover, because Wagner has presented no direct evidence that Access Cash discriminated against him because of his age and because he has failed to establish the second element necessary to establishing a *prima facie* case for a violation of the ADEA under the *McDonnell–Douglas* burden-shifting method, the Court finds that Access Cash is entitled to judgment as a matter of law. Therefore, summary judgment is entered in Access Cash's favor on Wagner's ADEA claim against it.

## B.  *COBRA CLAIM*

Likewise, the Court finds that Access Cash is entitled to summary judgment on Wagner's COBRA claim. As one district court has explained:

> COBRA requires the plan sponsor of each group health plan to provide each qualified beneficiary, who would lose coverage under the plan as a result of a qualifying event, an option to continue coverage under the plan. 29 U.S.C. § 1161. Upon occurrence of a qualifying event, "the employer of an employee under a plan must notify the administrator ... within 30 days ... of the date of the qualifying event[.]" 29 U.S.C. § 1166(a)(2). The administrator then must notify, within 14 days of receiving

the notification from the employer, any qualified beneficiary of his COBRA rights. 29 U.S.C. § 1166(a)(4)(A) & (c). Any administrator who fails to meet this notification requirement "may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure ..., and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1).

*Fenner v. Favorite Brand Int'l, Inc.,* 25 F.Supp.2d 870, 873 (N.D.Ill.1998).

◼ In the case *sub judice,* Wagner claims that he never received the requisite COBRA notice from Access Cash regarding the option to continue his health care benefits, and thus, summary judgment is inappropriate. However, this argument is inapposite because "employers are [not] required to ensure that plan participants actually receive a [COBRA] notice." *Degruise v. Sprint Corp.,* 279 F.3d 333, 336 (5th Cir.2002). Rather, " 'employers are required to operate in good faith compliance with a reasonable interpretation' of what adequate notice entails." *Id.,quoting Kidder v. H & B Marine, Inc.,* 734 F.Supp. 724, 730 n. 6 (E.D.La.1990).

Nevertheless, it is unclear whether Access Cash ever sent the requisite notice. It is clear from the evidence presented that Access Cash prepared a COBRA notice on February 22, 1999, but Access Cash has not offered any evidence (such as a mail log or an affidavit from someone in the mail room) that the notice was ever sent to Wagner. Wagner merely offers a conclusory denial—without any factual support—that the notice was ever sent, but because Access Cash has not offered any evidence that the notice was, in fact, sent, a genuine issue of material fact exists on this point.[1]

---

1.  In its response to Wagner's additional state-

ment of undisputed facts, Access Cash's coun-

■ Nonetheless, the Court believes that Access Cash is entitled to summary judgment on Count II of Wagner's Complaint. Contrary to Wagner's implied assertion in his Complaint, his cause of action for Access Cash's alleged failure to provide him with a COBRA notice arises under 29 U.S.C. § 1132, *i.e.*, ERISA's civil enforcement provision. In order for ERISA's civil enforcement provision to be applicable, the plan at issue must be governed by ERISA. The Seventh Circuit has explained that, in order for a plan to qualify as an ERISA plan, five elements must be present:

> (1) a plan, fund, or program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits, (5) to participants or their beneficiaries.

*Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir.2000), *citing Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 738 (7th Cir.1986).

Here, Wagner has offered no evidence to establish that his health insurance plan qualified as an ERISA plan and, thus, that he was entitled to receive a COBRA notice upon his termination.[2] Furthermore, Wagner has offered no evidence (even assuming that the plan was governed by ERISA) that Access Cash was the plan administrator and, therefore, that it was the party with the duty to send him the COBRA notice. *But see Presley v. Blue Cross–Blue Shield of Alabama*, 744 F.Supp. 1051, 1059 (N.D.Ala.1990)(stating that the employer, rather than the claims' administrator, would have had the COBRA notification duty, either as the designated administrator or as the plan sponsor, if the employee had been covered under the plan). Accordingly, the Court finds that Access Cash is entitled to summary judgment on Wagner's COBRA claim.

*Ergo*, Defendant's Motion for Summary Judgment is ALLOWED. Accordingly, summary judgment is hereby entered in favor of Defendant and against Plaintiff on both Counts of Plaintiff's Complaint.

---

sel represents to the Court that Access Cash correctly addressed, with proper postage, the attached COBRA notice to Wagner and placed it in the mail on February 22, 1999. However, Access Cash has not offered any documentary evidence in support of this assertion.

2. The only evidence which would indicate that the plan at issue was governed by ERISA was presented by Access Cash. In its motion for summary judgment, Access Cash tendered a photocopy of Wagner's dental insurance cards. The Seventh Circuit has explained that "[a]n employer establishes or maintains [an ERISA] plan if it enters a contract with the insurer and pays its employees' premiums." *Id.; see Russo v. B & B Catering, Inc.*, 209 F.Supp.2d 857, ——, 2002 WL 423717, *2 (N.D.Ill.2002) ("noting that although not dispositive, an employer's payment of employees' premiums will almost invariably implicate ERISA."). However, given the dearth of evidence presented by Wagner, the Court is unwilling to make a finding that the plan at issue is governed by ERISA.