**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1966
_____

ANEKA MYRICK,
                    Appellant

v.

DISCOVER BANK

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-12-cv-00731)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016

Before: VANASKIE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 7, 2016 )
_____

OPINION[*]
_____

PER CURIAM

    Aneka Myrick appeals pro se from the District Court's judgment against her in

this employment discrimination case.  For the following reasons, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In June 2012, Myrick commenced this action in the United States District Court for the District of Delaware against her former employer, Discover Bank. In the complaint, Myrick claimed that Discover had terminated her employment on April 1, 2011, on account of her religion, sex, pregnancy, and disability in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). Myrick further claimed that Discover had failed to comply with the Consolidated Omnibus Budget Reconciliation Act's (COBRA) requirement that she be notified of her right to continue her health insurance coverage under Discover's plan.

Discover moved to dismiss the complaint on the grounds that: (1) Myrick had failed to administratively exhaust her religious discrimination claim; (2) Myrick's Title VII discrimination claims and the ADA claim were time-barred; and (3) Myrick failed to state a claim upon which relief could be granted with respect to her COBRA claim. See Fed. R. Civ. P. 12(b)(6). The District Court granted in part and denied in part Discover's motion, permitting Myrick to proceed solely on her COBRA claim.[1]

---

[1] The District Court also denied, without prejudice, Myrick's motion for leave to amend the complaint, explaining that she had failed to comply with local rules requiring her to indicate in what respect the amended pleading differed from the original pleading. Near the close of discovery, Myrick again sought leave to amend, but the District Court denied that request on the grounds that: (1) the court had already dismissed the claims that she sought to reintroduce; and (2) the belated amendment would prejudice Discover. Myrick does not challenge these rulings on appeal.

Following discovery, Discover moved for summary judgment on the remaining COBRA claim.  See Fed. R. Civ. P. 56(b).  By order entered March 31, 2016, the District Court granted the motion without explanation.  All claims having been resolved, the court marked the case closed.  This timely appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal orders and its orders granting summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Summary judgment is proper only when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

## III.

We see no error in the District Court's disposition of this case.

First, the District Court correctly concluded that Myrick failed to exhaust her religious discrimination claim.  Before bringing suit under Title VII or the ADA[2] in federal court, Myrick was required to first file a charge with the Equal Employment Opportunity Commission (EEOC).  Hicks v. ABT Assocs. Inc., 572 F.2d 960, 963 (3d

3

Cir. 1978). Myrick did file a charge with the EEOC, but we have reviewed the record and agree with the District Court that she did not include any allegations of religious discrimination in either the charge form or in the supporting narrative. We also agree with the District Court that nothing in Myrick's administrative pleading put the EEOC on notice that it should investigate any such claim. See Webb v. City of Phila., 562 F.3d 256, 263 (3d Cir. 2009).

Second, the District Court properly dismissed Myrick's sex, pregnancy, and disability discrimination claims on the ground that they were time-barred. Title VII provides that a complainant has ninety days from the receipt of an EEOC right-to-sue letter to file an action in court. 42 U.S.C. § 2000e-5(f)(1); Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). Myrick stated in her complaint that she received the right-to-sue letter on March 9, 2012. (Compl. ¶ 9, ECF No. 2.) Therefore, she had until June 7, 2012, to file her complaint. The District Court did not, however, receive it until June 11, 2012. Therefore, the complaint was untimely.[3] See Fed. R. Civ. P. 5(d)(2)(A) (providing that a document is filed when delivered to the clerk). We agree with the District Court that Myrick's inability to secure counsel did not justify equitable tolling of the ninety-day period. See Seitzinger, 165 F.3d at 240 (recognizing that a plaintiff may sue after the ninety-day period has expired when, for example, the plaintiff

[2] The ADA adopts the enforcement procedures of Title VII. 42 U.S.C. § 12117.
[3] Contrary to Myrick's contention, the "common law mailbox rule" that she purports to draw from contract law does not apply here.

received inadequate notice of her right to sue, where she is awaiting a ruling on a motion for appointment of counsel, where the court or the defendant has misled her, or where she timely asserted her rights in the wrong forum).

Lastly, we see no basis to disturb the District Court's judgment against Myrick on her COBRA claim.[4]  The COBRA amendments to the Employment Retirement Income Security Act of 1974 (ERISA) provide former employees with the option of continuing health care coverage under the employer's plan.  29 U.S.C. §§ 1161-63.  To ensure that an employee is aware of her rights under the Act, the employer is required to notify the plan administrator within thirty days of the date of the "qualifying event"—in this case, Myrick's termination.[5]  See id. § 1166(a)(2).  The plan administrator is, in turn, required to notify the employee of her right to continued coverage within fourteen days.  Id. § 1166(a)(4).

---

[4] The District Court granted summary judgment on the ERISA/COBRA claim without providing any explanation for its decision.  This is contrary to the requirements we set forth in Vadino v. A. Valey Engineers, where we explained that "we will exercise our supervisory power to require the district courts in this circuit to accompany grants of summary judgment hereafter with an explanation sufficient to permit the parties and this court to understand the legal premise for the court's order."  903 F.2d 253, 259 (3d Cir. 1990).  However, because Discover based its motion for summary judgment on two alternative theories, and because it is clear from the record that the District Court would have been correct to rely on either theory in granting it, we will not remand this case for an explanation from the District Court.

[5] Termination of employment for any reason other than "gross misconduct" is a qualifying event under 29 U.S.C. § 1163.  It was not disputed in the District Court that Myrick's termination was a qualifying event.

In its motion for summary judgment, Discover claimed that it could not be liable for a COBRA notification violation under the ERISA because it is not the "plan administrator." We agree. Pursuant to ERISA's enforcement scheme, only the plan administrator is liable for statutory penalties based on a COBRA notification violation. 29 U.S.C. § 1132(c)(1) ("Any administrator . . . who fails to meet the [COBRA notice requirements] . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure . . . ."). Discover attached to its motion an Annual Return/Report of Employee Benefit Plan that identifies the "Employee Benefits Committee of Discover Financial Services" as the plan administrator. Therefore, the defendant/appellee in this case, "Discover Bank," could not be liable for the asserted ERISA/COBRA violation.

However, even if Myrick had named the proper defendant in her complaint, Discover demonstrated in its summary judgment motion that the plan administrator complied with its statutory obligations. According to Discover, Hewitt Associates LLC, the firm that administers benefits plans sponsored by Discover, generated a COBRA termination notice on April 7, 2011, and mailed it to Myrick at her home address on Greystone Lane in Newark. In support of this contention, Discover provided: a copy of the COBRA notice containing an electronic date stamp; screen shots from Hewitt's computer system demonstrating that the notice was generated on April 7, 2011; and a declaration by a Hewitt manager attesting that the firm's COBRA procedures were followed in Myrick's case. Myrick did not come forward with any evidence to the

contrary. Accordingly, she failed to create any genuine issues of fact as to whether Discover complied with its notice obligations. See Thomas v. Town of Hammonton, 351 F.3d 108, 115 (3d Cir. 2003) (citing Degruise v. Sprint Corp., 279 F.3d 333, 336 (5th Cir. 2002) ("employers are required to operate in good faith compliance with a reasonable interpretation of what adequate notice entails")).

## IV.

We have reviewed Myrick's remaining arguments and conclude that they are meritless.[6] Accordingly, we will affirm the District Court's judgment. The motion for appointment of counsel is denied.

---

[6] In support of her appeal, Myrick argues that the District Court improperly entered summary judgment in Discover's favor while the parties were still engaged in mediation. We see nothing on the District Court docket to indicate that the August 2015 mediation was ongoing when the District Court entered its order in March 2016. To the extent that Myrick contends that the parties were in settlement discussions at that time, we are unaware of any authority suggesting that a district court may not rule on a pending motion for summary judgment while the parties may be attempting to settle the matter outside of court.