# United States Court of Appeals
# for the Fifth Circuit

---

**No. 22-20061**
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2023

Lyle W. Cayce
Clerk

Kenneth Wayne Benjamin,

> *Plaintiff—Appellant*,

*versus*

The Bank of New York Mellon, as Trustee (CWALT 2005-J2), formerly known as The Bank of New York; Bayview Loan Servicing, L.L.C.; John Doe 1; John Doe 2; Hughes, Watters & Askanase, L.L.P.; Rachel Donnelly,

> *Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-cv-00214

---

Before Jones, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:*

    This appeal stems from an $88,000 home equity loan to plaintiff-appellant Kenneth Benjamin, issued by defendant-appellee Bank of New

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20061

York Mellon's assignor in November 2004. In 2017, Benjamin filed for bankruptcy, and in late 2019, the Bank sought to foreclose on the loan. Benjamin sued in Texas state court to halt foreclosure. In January 2020, defendants timely removed to the Southern District of Texas under 28 U.S.C. § 1441, based on diversity jurisdiction.

Benjamin's *pro se* complaint alleged, *inter alia*, breach of contract, fraud, civil conspiracy, misconduct by defendants' attorneys, violations of provisions of the Texas Constitution governing property loans, and intentional infliction of emotional distress. Benjamin sought money damages as well as declaratory and injunctive relief that would obviate the loan and avert the Bank's attempt at foreclosure.

In December 2020, a federal magistrate judge issued a 30-page memorandum that recommended dismissal of several defendants and most of Benjamin's claims. The district court adopted the magistrate's recommendation without alteration. The rump of the complaint proceeded to discovery. During litigation, the magistrate judge made various procedural and evidentiary decisions Benjamin opposed, and the district court denied Benjamin's objections to the magistrate's orders. At the close of discovery, the magistrate judge recommended entering summary judgment for the defendants. The district court again agreed.

Benjamin appealed, asking us to revive his dismissed claims, reverse various pre-trial orders, and reverse the district court's grant of summary judgment in favor of defendants.

After carefully reviewing the record, we generally agree with the district court and need not add to its careful resolution of the case. Only two of Benjamin's numerous contentions merit additional discussion.

No. 22-20061

### A.

The first relates to the "notice of default" that the Bank sent to Benjamin in October 2021 by certified mail. The use of certified mail conforms to state statute, which requires that "notwithstanding any agreement to the contrary," the mortgage servicer must send "written notice by certified mail" before a sale of real property under a contract lien. Tex. Prop. Code § 51.002(d). Benjamin argues that the use of certified mail was nevertheless insufficient because it did not conform to his security agreement, and therefore the Bank was not entitled to accelerate his loan. Specifically, the agreement deems notice effective when it is "mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." To Benjamin, certified mail is "other means," so the Bank must prove actual delivery, which Benjamin disputes.

Benjamin first contends that Texas law defines certified mail as distinct from first class mail. *See* Tex. Gov. Code §§ 80.001–04. But Benjamin's reliance on that statute is misplaced. Section 80.004 distinguishes certified from first class mail only "in this chapter." And § 80.004 pertains to court communications, not Benjamin's dispute.

Next, Benjamin argues that precedent relied on by the district court and by appellees does not adequately support the equilibration between first class and certified mail. It is true that we have described certified mail as "a special type of first class mail whose primary purpose is to provide evidence of an individual's receipt of delivery." *Degruise v. Sprint Corp.*, 279 F.3d 333, 337 (5th Cir. 2002). But that case centered on federal, not Texas, law. In another case concerning a Texas security agreement with language closely tracking the security agreement at issue here, our court did not address head-on whether certified mail counted as first class mail, because delivery was not

in dispute. *King v. Select Portfolio Servs. Inc.*, 740 F. App'x 814, 817 (5th Cir. 2018) (per curiam).

But even if our prior cases leave open the possibility that certified mail is not first class mail in the context of this dispute, Benjamin does not provide a reason why we should resolve the question in his favor. The use of certified mail does not prejudice the recipient, relative to first class mail; rather, it merely provides to the sender the added benefit of confirmation of delivery. That Texas Property Code § 51.002(d) requires default notices to be sent by certified mail further suggests to us that certified mail suffices when a Texas security agreement calls for first class mail.

We therefore see no reason to disrupt the district court's conclusion that the notice sent to Benjamin properly counted as first class mail. All of Benjamin's claims relying on a contrary view were properly dismissed.

B.

Another branch of Benjamin's claims rests on the allegation that 18 years ago, the originating bank did not comply with the "12-day rule" in the Texas Constitution. That rule denies remedies to creditors where the loan closed less than 12 days after the later of (1) the date of the loan application and (2) the date certain statutory notices were provided. *See* Tex. Const. art XVI, § 50(a)(6)(M). The district court entered summary judgment for the defendants on these claims.

No party disputes that Benjamin's loan closed on November 30, 2004. To survive summary judgment on his 12-day rule claim, Benjamin must articulate a genuine dispute as to whether the loan application or statutory notices postdated November 18, 2004.

Start with the statutory notice. The record contains the relevant notice, bearing Benjamin's signature, dated November 4, 2004, and marked

with a November 17 fax-machine timestamp. Benjamin did not dispute the authenticity of the document when it was presented to him in deposition. His subsequent allegation of forgery is the sort of "unsubstantiated assertion" that does not prevent summary judgment. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir 2005) (quotation omitted).

Finally, the loan application. Although Benjamin disputes the date on which he first signed a loan application (again alleging forgery), he does not dispute that he made an application by telephone on November 4, 2004. That counts; § 50(a)(6)(M) requires "a loan application," not necessarily a written one. It is true that, at the time of Benjamin's loan, the then-current version of § 50(a)(6)(M) appeared to conflict with the then-current version of § 50(g), which proscribed mandatory loan disclosures that contained the phrase "written application" when discussing the 12-day rule. Our court, however, confronted exactly this challenge in *Cerda v. 2004-EQR1 LLC,* 612 F.3d 781 (5th Cir. 2010). Relying on Texas Supreme Court precedent, we determined that a telephone application sufficed for the purposes of the 12-day rule. *Id* at 788–89.

AFFIRMED.